DATE FILED: August 24, 2020 3:21 PM
FILING ID: EAF566F7D3580
CASE NUMBER: 2020CV30697

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF BOULDER, STATE OF COLORADO<br><br>Court Address:   1777 Sixth Street<br>                              Boulder, CO 80302 | |
| Plaintiff:   **Cindylou A. Bustamante**<br><br>v.<br><br>Defendant:  **Dillon Companies, LLC, d.b.a. King Soopers** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Sean M. Dormer, #44962<br>K.C. Harpring, #47760<br>Dormer Harpring, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO  80216<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Cindylou A. Bustamante (hereinafter "Ms. Bustamante"), by and through her attorneys, Dormer Harpring, LLC, for her Complaint against Defendant, Dillon Companies, LLC., d.b.a. King Soopers (hereinafter "Defendant"), states as follows:

### GENERAL ALLEGATIONS

1.      Ms. Bustamante seeks damages for claims under the Premises Liability Statute (C.R.S. § 13-21-115) and the common law of negligence in connection with injuries as the result of a slip and fall occurring on September 7, 2018, on property located at 2255 Main Street, Longmont, CO 80501 (the "Property"). (This event, as more fully described in ¶¶ 17-25 below, is referred to as the "Incident").

2. At the time of the Incident, Ms. Bustamante's address was 2446 North Main Street, #229, Longmont, CO 80501.

3. Defendant is a Kansas corporation authorized to do business in Colorado.

4. Defendant is a wholly-owned division of the Kroger Company.

5. Defendant's principal street address for Dillon Companies is 2800 E. 4th St., Hutchinson, KS 67501.

6. Defendant's principal management group for its King Soopers division operates at 65 Tejon Street, Denver, CO 80223.

7. Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because it transacts business in the state of Colorado.

8. Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendant because it committed one or more tortious acts in the state of Colorado.

9. Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendant because it owns, uses, or possesses real property situated in the state of Colorado.

10. Pursuant to C.R.C.P. 98(c), venue is proper in the County of Boulder, Colorado, because the Defendant is a nonresident, the Incident occurred in Boulder County, and Plaintiff designates Boulder as the county of venue in this Complaint.

11. Upon information and belief, at the time of the Incident, Defendant leased all or a portion of the Property.

12. Upon information and belief, at the time of the Incident, Defendant was contractually obligated to maintain the interior areas of the Property.

13. Upon information and belief, said obligations required Defendant to maintain safe conditions inside the Property.

14. Upon information and belief, at the time of the Incident, Defendant was in possession and control of the interior areas of the Property.

15. Upon information and belief, at the time of the Incident, Defendant was legally responsible for the condition of the interior areas of the Property.

16. Upon information and belief, at the time of the Incident, Defendant was legally responsible for circumstances existing in the interior areas of the Property.

17. At the time of the Incident, Ms. Bustamante came to the Property to shop at Defendant's grocery store.

18. Pursuant to C.R.S. §13-21-115(5)(a), Ms. Bustamante was an invitee to the Property at the time of the Incident because Ms. Bustamante entered the land to "transact business in which the parties [were] mutually interested."

19. At the time of the Incident, Ms. Bustamante was pushing a shopping cart and carrying her newborn baby on her chest in a carrying vest.

20. At the time of the Incident, Ms. Bustamante was in the frozen food section of the store.

21. At the time of the Incident, one of the freezer doors in the frozen food aisle was impacted by a build-up of ice.

22. The impacted freezer door could not close properly due to the build-up of ice causing water to drip onto the floor.

23. Ms. Bustamante did not see the puddle of water of the floor when she turned her shopping cart into the frozen food aisle.

24. As she was trying to shop for frozen items, Ms. Bustamante stepped on the puddle, causing her to slip.

25. As a direct and reasonably foreseeable result of the water on the floor, Ms. Bustamante fell to the ground and both she and her daughter suffered injuries.

26. The cause of Ms. Bustamante's fall was Defendant's failure to exercise reasonable care to protect against dangers on the Property of which Defendant knew or should have known.

27. As a direct and reasonably foreseeable result of the Incident, Ms. Bustamante has suffered multiple injuries, damages, and losses (collectively, "Injuries").

28. The Injuries include, without limitation, damage to her legs, arms, neck, and back, which may require surgery to repair.

29. As a direct and reasonably foreseeable result of Ms. Bustamante's Injuries, Ms. Bustamante has suffered and will suffer past and future economic damages, past and future non-economic damages, and damages for permanent physical impairment and disfigurement.

30. As a direct and reasonably foreseeable result of the Injuries, Ms. Bustamante has been rendered more vulnerable to subsequent injury.

31. Ms. Bustamante's date of birth is May 11, 1981.

32. At the time of the Incident, Ms. Bustamante was 37 years old.

33. Pursuant to C.R.S. § 13-25-102, Ms. Bustamante had a life expectancy of at least 44.9 additional years at the time of the Incident.

34. Ms. Bustamante's life expectancy is likely higher than the tables suggest.

## FIRST CLAIM FOR RELIEF
### (Premises Liability)

35. Ms. Bustamante incorporates by reference ¶¶ 1-34 as though set forth in their entirety hereunder.

36. At the time of the Incident, Defendant was a landowner, as defined at C.R.S. § 13-21-115(1), of the Property.

37. As a landowner, Defendant owed Ms. Bustamante a duty to exercise reasonable care with respect to dangers at the Property of which it knew or should have known.

38. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

39. Defendant breached its duty to Ms. Bustamante by unreasonably failing to protect against the slip described above, which it both created and knew or should have known became present on the Property.

40. As a direct and reasonably foreseeable result of said unreasonable failure, Ms. Bustamante has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
**(Negligence Claim)**

41. Ms. Bustamante incorporates by reference ¶¶ 1-34 as though set forth in their entirety hereunder.

42. Defendant owed Ms. Bustamante a duty of reasonable care.

43. Defendant breached its duty of reasonable care by failing to clean up or warn customers of the puddle of water in the frozen food section on the Property.

44. Defendant was negligent.

45. As a direct and reasonably foreseeable result of Defendant's breach of its duty, Ms. Bustamante has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## JURY DEMAND

46.	Ms. Bustamante requests a trial by jury for all of her claims.

WHEREFORE, Plaintiff, Cindylou A. Bustamante, requests that judgment be entered in her favor and against Defendant, Dillon Companies, LLC d.b.a. King Soopers for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED August 24, 2020.

DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26.  The original signed pleading is in counsel's file.*

By:	*/s/ K.C. Harpring*
	Sean M. Dormer, (#44962)
	K.C. Harpring, (#47760)
	*Attorneys for Plaintiff*

Plaintiff's Address:

2400 17th Ave, #E105
Longmont, CO 80503

6